IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIN GREENE,

        Plaintiff,                No. CIV S-04-0917 MCE DAD P

   vs.

SOLANO COUNTY JAIL, et al.,

        Defendants.           <u>ORDER SETTING STATUS CONFERENCE</u>

_____/

        Plaintiff is a former inmate of the Claybank facility of the Solano County Jail and is currently incarcerated in state prison. He is proceeding with counsel on claims brought under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, under the First, Eighth and Fourteenth Amendments, and under California Penal Code § 4027.

        On July 24, 2006, the undersigned issued findings and recommendations recommending that defendant Rourk's motion for summary judgment be granted and that the action be dismissed. The findings and recommendations were adopted by the assigned District Judge on September 18, 2006. On appeal, the Ninth Circuit Court of Appeals reversed the granting of summary judgment in favor of defendant Rourk in all respects and remanded the matter to this court for further proceedings on all of plaintiff's claims.

1

Pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 16-240, IT IS HEREBY ORDERED that:

1. A Status (Pretrial scheduling) Conference is set for May 2, 2008, at 10:00 a.m. in Courtroom 27 before the undersigned. Counsel for the parties may appear telephonically. To arrange telephonic appearance, counsel shall contact Pete Buzo, the courtroom deputy of the undersigned, at (916) 930-4128 no later than three days prior to the status conference.

2. Within seven days prior to the status conference, the parties are required to submit to the court and serve upon the opposing counsel a status report which sets out their views on the following matters:

   a. Future proceedings, including the scheduling of a pretrial conference and trial;

   b. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

   c. Whether this matter is to be tried before this court or the district court. See 28 U.S.C. § 636(c);

   d. Whether counsel will stipulate to the trial judge acting as settlement judge and waiving any disqualifications by virtue of his so acting, or whether counsel prefers to have a Settlement Conference before another judge;

   e. Any other matters that may add to the just and expeditious disposition of this matter.

3. Counsels are reminded of their continuing duty to notify the court immediately of any settlement or other disposition of the action. See Local Rule 16-160.

DATED: April 1, 2008.

DAD:4
gree0917.remd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE