1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARIN DEMETRIUS GREENE,

11            Plaintiff,                    No. CIV S-04-0917 MCE DAD P

12        vs.

13   LT. PEGI ROURK,

14            Defendant.                    SCHEDULING ORDER

15   _____/

16            This matter came before the court on May 2, 2008 for a status conference.  Fred

17   Norton of Boies, Schiller & Flexner appeared on behalf of plaintiff Darin Greene, and Martha

18   Stringer of Williams & Associates appeared on behalf of defendant Pegi Rourk.

19            Upon consideration of the parties' status reports and requests during the hearing,

20   the court makes the following findings and orders:

21                          **PARTIES/AMENDMENTS**

22            This action is proceeding with one defendant, defendant Lt. Pegi Rourk.  No

23   joinder of parties or amendments to pleadings is permitted except with leave of court, good cause

24   having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

25   /////

26   /////

1

1         **JURISDICTION/VENUE**

2         Jurisdiction is predicated upon 21 U.S.C. § 1331, is undisputed and is hereby

3 found to be proper, as is venue.

4         **MOTION HEARING SCHEDULE**

5         All law and motion, except motions to compel discovery, shall be conducted so as

6 to be <u>completed</u> by **March 6, 2009**.  The word "completed" in this context means that all law and

7 motion matters must be heard by the above date.  Because this date is not necessarily a date

8 previously set aside for law and motion hearings, it is incumbent upon counsel to contact this

9 court's courtroom deputy, Pete Buzo, at (916) 930-4128, sufficiently in advance so as to

10 ascertain the dates upon which law and motion will be heard and to properly notice the motion

11 for hearing before that date.  Counsel are cautioned to refer to Local Rule 78-230 regarding the

12 requirements for noticing such motions on the court's regularly scheduled law and motion

13 calendar.  Dispositive motions shall be noticed for hearing before the undersigned, to be resolved

14 on findings and recommendations to the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(B) and L.R.

15 72-302(c)(21).

16         **DISCOVERY**

17         Discovery shall be completed by **December 29, 2008**.  The word "completed"

18 means that all discovery shall have been conducted so that all depositions have been taken and

19 any disputes relative to discovery shall have been resolved by appropriate order if necessary and,

20 where discovery has been ordered, the order has been complied with.  Motions to compel

21 discovery must be noticed on the magistrate judge's calendar in accordance with the local rules

22 of this court

23         **FINAL PRETRIAL CONFERENCE**

24         The Final Pretrial Conference is **SET** for June 26, 2009, at 9:00 a.m. in

25 Courtroom 7, 14th floor, before the Honorable Morrison C. England, Jr.  Counsel are cautioned

26 that counsel appearing for Pretrial will in fact try the matter.

1    Counsel for all parties are to be fully prepared for trial at the time of the Pretrial

2    Conference, with no matters remaining to be accomplished except production of witnesses for

3    oral testimony.  Counsel are referred to Local Rules 40-280 and 16-281 relating to the contents of

4    and time for filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 40-

5    280 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

6    Plaintiff and defendant shall each file a separate Pretrial Statement in accordance

7    with the provisions of Local Rule 16-281.  Additionally, the parties are to prepare a <u>JOINT</u>

8    <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u>

9    Local Rule 16-281(b)(3), (4), and (6).  In that joint statement, the undisputed facts and disputed

10   factual issues are to be set forth in two separate sections.  In each section, the parties should

11   identify first the general facts relevant to all causes of action.  After identifying the general facts,

12   the parties should then identify those facts which are relevant to each separate cause of action.  In

13   this regard, the parties are to number each individual fact or factual issue.  Where the parties are

14   unable to agree as to what factual issues are properly before the court for trial, they should

15   nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of

16   the parties and explain by parenthetical the controversy concerning each issue.  The parties

17   should keep in mind that, in general, each fact should relate or correspond to an element of the

18   relevant cause of action.  Notwithstanding the provisions of Local Rule 16-281, the Joint

19   Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court

20   concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the

21   undisputed facts will be read to the jury.

22   Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide

23   in their separate Pretrial Statements a list of witnesses and exhibits that they propose to proffer at

24   trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement

25   itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial

26   Order.  Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed

1   **alphabetically**.  In the event that the alphabet is exhausted, defendant's exhibits shall be marked

2   "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of

3   witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the

4   standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which

5   counsel do not intend to call or use will be viewed as an abuse of the court's processes.

6           Pursuant to Local Rule 16-281(b)(12), a party is required to provide a list of all

7   answers to interrogatories and responses to requests for admission that the party expects to offer

8   at trial.  This list should include only those documents or portions thereof which the party expects

9   to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court,

10  the parties remain free to tender appropriate discovery documents during trial for such purposes

11  as, but not limited to, impeachment or memory refreshment.

12          Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain

13  a "statement of legal theory, etc."  Each party shall commence this section by specifying as to

14  each claim whether federal or state law governs, and if state law, the state whose law is

15  applicable.

16          Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty

17  at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the

18  elimination of frivolous claims or defenses; (b) settling of facts which should be properly

19  admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must

20  prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with

21  these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of

22  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

23  claims or defenses, or such other sanctions as the court deems appropriate.

24          **TRIAL SETTING**

25          Trial is **SET** for August 17, 2009 at 9:00 a.m. in Courtroom 7, 14th floor, before

26  the Honorable Morrison C. England, Jr.  Trial will be by jury.

## SETTLEMENT CONFERENCE

Should the parties decide to pursue settlement of this action prior to the pretrial conference, they may stipulate to a settlement conference before the undersigned by contacting Pete Buzo, courtroom deputy of the undersigned, at (916) 930-4128.  The parties may also request a settlement conference prior to the pretrial conference before another magistrate judge who will be randomly assigned.

Regardless of the above, a mandatory settlement conference will be set before a judge other than the trial judge at the time of the pretrial conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

## MISCELLANEOUS PROVISIONS

The pretrial conference and trial dates are the earliest available dates for proceedings before the Honorable Morrison C. England, Jr.  Counsel may file a written request to modify these dates within thirty days from the date of this order.

Thereafter, the parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.**  Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

DATED: May 7, 2008.

DAD:4
gree0917.oah

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE